UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWAN LEWIS, et al., | Case No. 2:23-cv-3319-WLH-RAO |
| Plaintiffs, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| CITY OF MANHATTAN BEACH, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiffs' First Amended Complaint ("FAC") (Docket No. 26), the Magistrate Judge's Report and Recommendation issued on November 27, 2024 ("Report") (Docket No. 62), Plaintiffs' Objections to the Report (Docket. No. 64), Defendants' Reply to Plaintiffs' Objections (Docket Nos. 65–66), and the other records and files herein. The Court has further engaged in a *de novo* review of those portions of the Report to which Plaintiffs have objected and does not find Plaintiffs' objections have merit.

1    **I.**     **PLAINTIFFS OBJECT TO DISMISSAL OF THE JUDICIAL**

2                **DECEPTION CLAIM AGAINST DETECTIVE THOMPSON**

3        Plaintiffs argue that the Magistrate Judge incorrectly applied the *Franks*

4 standard, such that it should have been determined that Detective Thompson's

5 affidavit failed to support a finding of probable cause. (Objections, Docket No. 64

6 at 6). Further, according to Plaintiffs, the Magistrate Judge "considered evidence

7 and information" not contained in the affidavit when evaluating whether it

8 sufficiently established the existence of probable cause, even seeking to "justify"

9 alleged false claims within the affidavit. (*Id.* at 4, 8, 9). Plaintiffs allege that

10 correctly purging any "misstatements" results in a complete lack of probable cause.

11 (*Id.* at 17). The Court disagrees.

12        "To support a § 1983 claim of judicial deception, a plaintiff must show that

13 the defendant deliberately or recklessly made false statements or omissions that

14 were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105,

15 1117 (9th Cir. 2004). "Omissions or misstatements resulting from negligence or

16 good faith mistakes will not invalidate an affidavit which on its face establishes

17 probable cause." *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978). Any

18 false statements submitted must be purged by the court, which then determines if

19 what is left is sufficient to justify issuance of the warrant. *Ewing v. City of*

20 *Stockholm*, 588 F.3d 1218, 1224 (9th Cir. 2009).

21        To determine whether any statements in the affidavit was false or misleading,

22 and whether those inclusions were made "deliberately or recklessly," this

23 necessarily requires examining the surrounding context in which the affidavit was

24 made. It is also through that exercise that a court may determine whether

25 misrepresentations or omissions bear on probable cause. *See, e.g., Ewing*, 588 F.3d

26 at 1224-28 (affirming district court's finding that the misstatements or problematic

27 representations were not critical to the finding of probable cause by examining the

28 underlying events behind the affidavit).

1    The Magistrate Judge took each alleged misstatement or omission and

2    assessed both whether it was properly considered a misrepresentation or omission,

3    as well as its potential materiality to the ultimate finding probable cause.  She

4    addressed the alleged misstatement around Plaintiffs' son's identification in the

5    bathroom;[1] the alleged mischaracterization of the surveillance footage;[2] and the

6    photographic lineup.[3]  (Report, Docket No. 62 at 15-17).  In each instance, she

7    either determined the misrepresentation was not truly a misrepresentation or that it

8    was not material.  (*Id.*).  The Magistrate Judge's analysis is sound.

9    Plaintiffs also argue that the affidavit contained misstatements relating to

10    their son's potential possession of child pornography which the Magistrate Judge

11    incorrectly deemed immaterial.  (Objections at 17).  The Magistrate Judge,

12    however, correctly emphasized that the "probable cause to search Plaintiffs'

13    residence for child pornography could rest only on [Plaintiffs' son's] surreptitious

14    photographing or videoing of [the victim] in the bathroom stall.  The search warrant

15    affidavit does not refer to any other evidence . . ." (Report at 19).  It is undisputed

16    that the victim indicated that he had been sitting on the toilet with his pants down

17    for about five minutes before noticing the camera lens pointed into the stall.  (*Id.* at

18    20).  Therefore, "Defendant Thompson could reasonably believe that [Plaintiffs'

19    ─────────────

[1] The slight difference in language – exiting the stall rather than exiting the bathroom – is not material to the determination that the man in question was Plaintiffs' son, nor was it misleading.

[2] The characterization of the person in the footage as hurriedly walking was not a misrepresentation where he can be seen walking quickly.  This is more aptly a semantic disagreement.

[3] The claim that the affidavit misleadingly states that the witness was able to positively identify their son was not a misrepresentation – even if hesitation was expressed, as it was ultimately a positive identification.  There was no misrepresentation.  Further, any allegations of a tainted line-up area improper attempt to expand or reframe arguments.  *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation").

son] had photographed or videoed Jack on the toilet, and that an image taken under these circumstances would be 'lewd and lascivious' regardless of the non-sexual nature of the activity from Jack's point of view." (*Id.*).  The Magistrate Judge cites to a host of cases demonstrating that photographs taken under such situations can be considered lewd and lascivious, such that child pornography would be implicated.  Accordingly, in her determination "Defendant Thompson's search warrant affidavit established a fair probability that [Plaintiffs' son] photographed or videoed a child using the toilet in a neighboring bathroom stall and that the image potentially constituted child pornography within the meaning of § 311.4(d)(1)." (*Id.* at 21).  As such, inclusion of references to child pornography were not misleading, nor were they material for establishing probable cause.

The Court, therefore, disagrees that the Magistrate Judge misapplied the law, improperly considered evidence and information or actively sought to justify any alleged misstatements within the affidavit.  The Court, therefore, overrules Plaintiffs' objections.

## II.   PLAINTIFFS OBJECT TO THE COURT DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION

Plaintiff objects to the Court's declining to exercise supplemental jurisdiction over the state law claims.  Plaintiff argues that because the judicial deception claim should have survived summary judgment, that the Court should "sustain the state claims." (Objections at 27).  This, however, is conclusory and insufficient to warrant rejecting the Report.  This Court on *de novo* review concurs with the Magistrate Judge's recommendation declining supplemental jurisdiction over the remaining state law claims.

Considering the forgoing, the Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  Accordingly, IT IS ORDERED that Claims One and Two of the FAC are dismissed with prejudice,

Claims Three and Four are dismissed without prejudice, and this action is dismissed.

DATED: 3/11/2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE